FIFTH NATIONAL BANK OF NEW YORK CITY, PLAINT-
IFF IN ERROR, V. NELSON J. EDHOLM ET AL., DE-
FENDANTS IN ERROR.

1.  Negotiable Instruments: CONSIDERATION. In an action
    upon a promissory note, it appeared that it had been given
    without consideration, and transferred to parties who were not
    *bona fide* purchasers thereof for value before maturity. *Held*,
    That the defense of want of consideration would defeat a re-
    covery on the note.

2.  ———: EVIDENCE. Cross-examination of witness set out in the
    opinion, *Held*, Proper, as tending to show the true nature of
    the transaction by which the plaintiff acquired title.

ERROR to the district court for Douglas county.   Tried
below before HOPEWELL, J.

*Montgomery & Jeffrey*, for plaintiff in error, cited:   *Or-
gan Co. v. Boyle*, 10 Neb., 412.   Wade on Notice, 2 Ed.,
Sec. 84, 55.   Daniels Neg. Inst., Sec. 769*a*.   Daniels Neg.
Inst., Sec. 1202.   *High v. Merchants Bank*, 6 Neb., 155.

*Cheney v. Stone,* 29 Fed. Rep., 885.    *Dobbins v. Oberman,* 17 Neb., 163.    *Johnson v. Way,* 27 Ohio State, 374. *Neillsville Bank v. Tuthill,* 30 N. W. Rep., 154.    *National Bank v. Johnson,* 104 U. S., 271.    *Citizens Bank v. Ryman,* 12 Neb., 542.    *Baily v. Smith,* 14 Ohio State, 396.

*John L. Kennedy,* for defendants in error, cited :    *Bulen v. Granger,* 25 N. W. Rep., 189.    *Stanton County v. Canfield,* 10 Neb., 389.    *Glenn v. Gleason,* 15 N. W. Rep., 661.    *Norris v. Cargill,* 15 Id., 148.    *Pullen v. Pullen,* 5 Atlantic Rep., 640.    *Clark v. Pease,* 41 N. H., 414. *Wortendyke v. Meehan,* 9 Neb., 229.    *Cummings v. Thompson,* 18 Minn., 246.    *Atlas Bank v. Doyle,* 9 Rhode Island, 76.    *Dresser v. M. & I. Ry. Construction Co.,* 93 U. S., 92.    *Mann v. Second National Bank of Springfield,* 1 Pac. Rep., 579.

MAXWELL, J.

This is an action upon a promissory note executed by the defendants in error to Haines & Whitney Co., of Chicago, and transferred to Haines Brothers, of New York, and by them transferred to the plaintiff in error.

In their answer, " defendants admit that they made and delivered to Haines & Whitney Co., of Chicago, Ill., their certain promissory note, but deny that the plaintiff, in due course of business, and for a valuable consideration, and before maturity, purchased the said note.    Defendants allege the fact to be that said note was made, executed, and delivered under the following circumstances :    That on August 15, 1885, they, defendants, had made, executed, and delivered their certain promissory note in the sum of $282.52 to Haines & Whitney Co., of Chicago, Ill., payable in ninety days thereafter ; that about and before said note became due, defendants applied for and obtained permission to renew the same, with instructions to pay, when

presented at the Omaha National Bank of the city of Omaha, the amount due, and to draw a sight draft upon the said Haines & Whitney Co. in a like sum, at the same time sending a new note with interest added ; that defendants paid said first mentioned note when presented as aforesaid, and drew their draft as agreed, which draft was dishonored and has never been paid; that defendants have not received any consideration for the note sued upon in this action, and that the same was obtained by fraud and undue means ; that it appears to have been endorsed over by said Haines & Whitney Co. to Haines Bros., of New York, who have made a pretended transfer to this plaintiff for the sole and only purpose, as defendants believe, of suing the same for the benefit and use of said Haines Bros."

On the trial of the cause the jury returned a verdict for the defendants, and a motion for a new trial having been filed and overruled, judgment was entered on the verdict.

The uncontradicted testimony is, that prior to the execution of the note in question, a note for a like amount had been given by the defendants to the Haines & Whitney Co., of Chicago. This note, when due, was paid at one of the banks in Omaha; there being an agreement, the defendants contend, that they were to give the note in question and draw against the same, thus practically extending the time of payment of the first note. The note was sent to Haines & Whitney Co., of Chicago, and the draft was returned unpaid. There is testimony tending to show that the Haines & Whitney Co., of Chicago, transferred the note in question to Haines Bros., of New York, and by Haines Bros. it was transferred to the plaintiff in error. The proof fails to show that Haines Bros. were *bona fide* purchasers, and the question presented to the court is, whether the proof shows the bank to be a purchaser in good faith of said note before maturity. The cross-examination of Andrew Thompson, cashier of the plaintiff in error, is as follows:

Q. . Why did the plaintiff elect to pursue the makers of this note in another state, in preference to pursuing Haines Bros., who it appears all this time had to their credit more than sufficient to pay this note?

A.    We very frequently do it, to collect the money from the makers; we chose to do it in this case.

Q.    Do you remember any other cases in which you have done it; state some of them briefly?

A.    A note for $2,500, the maker of which resided in Connecticut.

Q.    Did Haines Brothers request you to sue the makers here on the note in suit?

A.    They did.

Q.    What reason did they give for making that request?

A.    None at all.    They merely requested me to sue it.

Q.    Did you have an understanding or arrangement with Haines Brothers that if you failed to collect from the makers they would pay the costs and expenses of the suit, as well as the note?

A.    We did not.

Q.    Has your bank employed counsel in this suit?

A.    We have.

Q.    Have you paid, or do you expect to pay, such counsel?

A.    We have not paid, but expect to.

Q.    Have you any expectations of being repaid by Haines Brothers of money you have to pay the counsel in this suit?

A.    Yes, sir.

Q.    Have you any expectations of receiving the amount of this note and of your expenses of litigation from Haines Brothers, should you fail to collect the same from the makers?

A.    Yes.    I am a director of the Fifth National Bank, and have been four or five years; Haines Brothers are connected with our bank as stockholders, and have been

:for 22 years; one of them, N. J. Haines, has been a direc-
tor of the bank 22 years."

This testimony is objected to by the plaintiff in error,
because it tends to throw no light upon the issue. In our
view, however, the questions were proper, as tending to
show the real nature of the transaction by which the bank
acquired the note in controversy. The proof fails to show
that the bank is a *bona fide* purchaser before maturity of
the note in question. It is therefore unnecessary to review
at length the other errors assigned. The judgment of the
district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.